BRITISH STEEL CORPORATION, ET AL., PLAINTIFFS *v.* UNITED STATES, ET AL., DEFENDANTS, ALLEGHENY LUDLUM STEEL CORPORATION, ET AL., DEFENDANTS-INTERVENORS

Court No. 83–7–01032

Before BERNARD NEWMAN, *Senior Judge*

(Dated March 8, 1984)

*Steptoe & Johnson Chartered (Richard O. Cunningham, Charlene Barshefsky,* and *Alice Mattice, Esqs.)* for plaintiffs.

*Richard K. Willard,* Acting Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch and *Sheila N. Ziff, Esq.* for defendants.

*Collier, Shannon, Rill & Scott, Esqs. (David A. Hartquist, Paul C. Rosenthal,* and *Richard A. Merski, Esqs.)* for defendants-intervenors.

BERNARD NEWMAN, *Senior Judge:* Plaintiffs seek leave to file a reply to intervenors' opposition to plaintiffs' motion made pursuant to Rule 56.1(a) of the Rules of the Court of International Trade for an order directing submission for review upon the agency record.

The pertinent facts may be briefly stated:

On January 4, 1984 plaintiffs submitted their proffered reply brief for filing with the Court although plaintiffs' motion under Rule 56.1(a) was non-dispositive. The Clerk did not accept the reply brief for filing because plaintiffs had not obtained prior leave of the Court, as required by Rule 7(d). Shortly thereafter, on January 12,

1984 this Court granted plaintiffs' motion under Rule 56.1(a), thereby resolving in plaintiffs' favor the very issues to which the proffered reply brief was directed. *See* 7 CIT 1 (1984). Notwithstanding the favorable ruling on their motion under Rule 56.1(a), plaintiffs now move for leave to file a reply to intervenors' opposition stating that the reply "presents important reasons in support of the Court's action, in addition to those stated in its (sic) initial December 9, 1983 motion" (plaintiffs' motion at 2). Neither defendants nor intervenors have responded to plaintiffs' present motion.

Turning to the legal aspects, it should be stressed that Rule 7(d) of the rules of this Court does not permit a moving party to file a reply brief if its initial motion was non-dispositive, as was the case here, unless otherwise ordered by the Court. Indeed, prior approval by the Court must be obtained even if the opposing parties have no objection. *United States Steel Corporation, et al.* v. *United States, et al.,* 3 CIT 170 (1983).

In view of the implicit requirement of Rule 7(d) concerning prior Court approval, the Clerk's rejection of plaintiffs' proffered reply brief was clearly correct. Moreover, since plaintiffs' initial non-dispositve motion was granted to the full extent requested, and is now moot, it would serve no useful purpose for the Court to grant approval for the filing of a reply brief.

If the Court were to grant plaintiffs' present application to file a reply brief—notwithstanding success in their application under Rule 56.1(a)—would it be amiss to inquire as to whether defendants and intervenors would then seek permission to file a surreply or reopen the entire matter?

For the foregoing reasons, plaintiffs' motion is hereby denied.